UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

NAPOLEAN WATKINS,

        Plaintiff,              Case No. 1:19-cv-1025

v.                                 Honorable Robert J. Jonker

MDOC et al.,

        Defendants.
_____/

**OPINION**

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim.

**Discussion**

**I.    Factual allegations**

Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at the Ionia Correctional Facility (ICF) in Ionia County. The events about which he complains occurred at that facility and the Marquette Branch Prison (MBP) in Marquette County,

the Macomb Correctional Facility (MRF) in Macomb County, and the Carson City Correctional Facility (DRF) in Montcalm County. Plaintiff sues the MDOC, and the "QMHP," presumably qualified mental health professionals, or "Psych Team" at ICF, MBP, MRF, and DRF.

Plaintiff alleges that he was prescribed Effexor as part of his mental health treatment. He alleges that the drug was not appropriate for his diagnoses of Bi-polar and other disorders. The drug forced him into a manic state that led to wild, erratic, highly aggressive, violent, self-injurious, and impulsive behavior. He claims the four "prison psych teams failed to realize that [Plaintiff] was on a drug that [he] wasn't suppose[d] to be on with [his] psychological disorders, and failed to realize the drug was the cause for [his] wild behavior." (Compl., ECF No. 1, PageID.3.)

Plaintiff seeks millions of dollars in damages.

Plaintiff filed a virtually identical action on October 2, 2019, against the same defendants—although in that action, he specifically named several individuals in addition to referring to them as groups. *Watkins v. Martin et al.*, No. 1:19-cv-797 (W.D. Mich.) (herein *Watkins I*). The Court construed the *Watkins I* complaint liberally as attempting to state claims against the defendants for deliberate indifference to Plaintiff's serious medical needs, in violation of the Eighth Amendment, and deprivation of Plaintiff's liberty interests without due process of law, in violation of the Fourteenth Amendment. By opinion and judgment entered January 7, 2020, the Court dismissed Plaintiff's complaint in *Watkins I* for failure to state a claim.

Plaintiff alleges in his present complaint that the *Watkins I* complaint attempted to state only a Fourteenth Amendment claim. (Compl., ECF No. 1, PageID.1.)

## II. Motion to amend

Plaintiff has filed a motion to amend his complaint. (ECF No. 5.) He has not filed a proposed amended complaint with his motion; however, he proposes only one change from his

initial complaint. Rather than naming the Defendants in only their respective personal capacities, he wants to name them in their personal and official capacities.

Under Rule 15(a) of the Federal Rules of Civil Procedure, a party may amend once as a matter of course before a responsive pleading is served. The original complaint in the instant case has not yet been served on Defendants, much less been subject to a responsive pleading. As a consequence, Plaintiff may file an amended complaint as a matter of right.

The Court will grant Plaintiff's motion to amend. The Court has conducted the preliminary review of Plaintiff's claims as if Plaintiff had amended his complaint to sue the Defendants in their official and personal capacities.

### III.     Failure to state a claim

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not

3

'show[n]'—that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994). Plaintiff claims Defendants have violated his Eighth Amendment rights.

A.  **Immunity**

Plaintiff may not maintain a § 1983 action against the MDOC. Regardless of the form of relief requested, the states and their departments are immune under the Eleventh Amendment from suit in the federal courts, unless the state has waived immunity or Congress has expressly abrogated Eleventh Amendment immunity by statute. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98-101 (1984); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978); *O'Hara v. Wigginton*, 24 F.3d 823, 826 (6th Cir. 1993). Congress has not expressly abrogated Eleventh Amendment immunity by statute, *Quern v. Jordan*, 440 U.S. 332, 341 (1979), and the State of Michigan has not consented to civil rights suits in federal court. *Abick v. Michigan*, 803 F.2d 874, 877 (6th Cir. 1986). In numerous opinions, the Sixth Circuit has specifically held that the MDOC is absolutely immune from a § 1983 suit under the Eleventh Amendment. *See, e.g., Harrison v. Michigan*, 722 F.3d 768, 771 (6th Cir. 2013); *Diaz v. Mich. Dep't of Corr.*, 703 F.3d 956, 962 (6th Cir. 2013); *McCoy v. Michigan*, 369 F. App'x 646, 653-54 (6th Cir. 2010). In addition, the State

of Michigan (acting through the MDOC) is not a "person" who may be sued under § 1983 for money damages. *See Lapides v. Bd. of Regents*, 535 U.S. 613, 617 (2002) (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66 (1989)); *Harrison*, 722 F.3d at 771. Therefore, the Court dismisses Plaintiff's claims against the MDOC.

Plaintiff, by way of his amendment, has also sued the various unnamed individual Defendants in their respective official capacities. A suit against an individual in his or her official capacity is equivalent to a suit brought against the governmental entity: in this case, the MDOC. *See Will*, 491 U.S. at 71; *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994). An official-capacity defendant is absolutely immune from monetary damages. *Will*, 491 U.S. at 71; *Turker v. Ohio Dep't of Rehab. & Corr.*, 157 F.3d 453, 456 (6th Cir. 1998); *Wells v. Brown*, 891 F.2d 591, 592-93 (6th Cir. 1989). The only relief Plaintiff seeks against the Defendants is money damages. Therefore, the Court also dismisses Plaintiff's claims raised against the Defendants in their official capacities.

### B. Eighth Amendment deliberate indifference

The Eighth Amendment prohibits the infliction of cruel and unusual punishment against those convicted of crimes. U.S. Const. amend. VIII. The Eighth Amendment obligates prison authorities to provide medical care to incarcerated individuals, as a failure to provide such care would be inconsistent with contemporary standards of decency. *Estelle v. Gamble*, 429 U.S. 102, 103-04 (1976). The Eighth Amendment is violated when a prison official is deliberately indifferent to the serious medical needs of a prisoner. *Id.* at 104-05; *Comstock v. McCrary*, 273 F.3d 693, 702 (6th Cir. 2001).

A claim for the deprivation of adequate medical care has an objective and a subjective component. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). To satisfy the objective component, the plaintiff must allege that the medical need at issue is sufficiently serious. *Id.* In

other words, the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm. *Id.* The objective component of the adequate medical care test is satisfied "[w]here the seriousness of a prisoner's need[ ] for medical care is obvious even to a lay person." *Blackmore v. Kalamazoo Cty.*, 390 F.3d 890, 899 (6th Cir. 2004).

The subjective component requires an inmate to show that prison officials have "a sufficiently culpable state of mind in denying medical care." *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000). Deliberate indifference "entails something more than mere negligence," but can be "satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Farmer*, 511 U.S. at 835. "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837.

Even if Plaintiff's allegations suffice to show the objective element of his claim, they fall short with regard to the subjective element. He alleges: "from 2014-2019, 4 prison psych teams failed to realize that [Plaintiff] was on a drug that [he] wasn't suppose[d] to be on with [his] psychological disorders, and failed to realize the drug was the cause for [his] wild behavior." (Compl., ECF No. 1, PageID.3.) Failing to realize the existence of a substantial risk of serious harm does not satisfy the *Farmer* standard—recognizing the risk and ignoring that risk does.

Plaintiff candidly describes the Defendants' behavior as "medical malpractice." (*Id.*) A claim that a medical professional failed to follow the appropriate standard of care, without more, is a state-law negligence claim. *Cox ex rel. Cox v. Board of Hosp. Managers for City of Flint*, 651 N.W.2d 356, 366-67 (Mich. 2002). Deliberate indifference requires more than that. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) ("[A] complaint that a physician has been negligent . . . does not state a valid claim . . . under the Eighth Amendment."); *see also Flanory v.*

6

*Bonn*, 604 F. 3d 249, 254 (6th Cir. 2010) ("Deliberate indifference 'entails something more than mere negligence.'"); *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000) ("[T]he deliberate indifference standard 'describes a state of mind more blameworthy than negligence . . . .'"); *Lamb v. Howe*, 677 F. App'x 204, 208 (6th Cir. 2017) ("Deliberate indifference is a higher standard than negligence . . . ."). Even a showing of gross negligence will not suffice to show deliberate indifference. *See, e.g.*, *Broyles v. Correctional Medical Services, Inc.*, 478 F. App'x 971, 975 (6th Cir. 2012) ("To satisfy the subjective component, the defendant must possess a 'sufficiently culpable state of mind,' rising above negligence or even gross negligence and being 'tantamount to intent to punish.'").

Plaintiff's allegation that Defendants failed to realize what, professionally, they should have realized fails to demonstrate deliberate indifference. Therefore, Plaintiff has failed to state an Eighth Amendment claim against these Defendants.

### C. State-law claims

"Generally, once a federal court has dismissed a plaintiff's federal law claim, it should not reach state law claims." *Experimental Holdings, Inc. v. Farris* 503 F.3d 514, 521 (6th Cir. 2007) (citing *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966)). "Residual jurisdiction should be exercised only in cases where the interests of judicial economy and the avoidance of multiplicity of litigation outweigh our concern over needlessly deciding state law issues." *Moon v. Harrison Piping Supply*, 465 F.3d 719, 728 (6th Cir. 2006). Where a district court has exercised jurisdiction over a state law claim solely by virtue of supplemental jurisdiction and the federal claims are dismissed prior to trial, the state law claims should be dismissed without reaching their merits. *See Landefeld v. Marion Gen. Hosp.*, 994 F.2d 1178, 1182 (6th Cir. 1993); *Faughender v. City of N. Olmsted*, 927 F.2d 909, 917 (6th Cir. 1991); *Coleman v. Huff*, No. 97-

7

1916, 1998 WL 476226, at *1 (6th Cir. Aug. 3, 1998). Accordingly, Plaintiff's state law claims for negligence and/or medical malpractice are dismissed without prejudice.

## **Conclusion**

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Plaintiff's federal claims will be dismissed for failure to state a claim, under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court declines to exercise supplemental jurisdiction over Plaintiff's state-law claims. Those claims will be dismissed without prejudice.

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). The Court does not certify that an appeal would not be in good faith.

Should Plaintiff appeal this decision, the Court will assess the $505.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, *e.g.*, by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $505.00 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A judgment consistent with this opinion will be entered.

Dated: __January 21, 2020__        /s/ Robert J. Jonker
                                                             ROBERT J. JONKER
                                                             CHIEF UNITED STATES DISTRICT JUDGE